UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ) CASE NO.: 19-15779-MDC
)
TRACY LYNN HOOVER, )
        Debtor ) CHAPTER 13

## STIPULATION

COME NOW, this 13th day of May, 2020, Debtor, Tracy Lynn Hoover, by and through her attorney, Jeffery A. Fournier, Esquire, and Capital One Auto Finance, a division of Capital One, N.A. ("COAF") by and through its attorney, Mester & Schwartz, P.C., hereby stipulate the following terms of settlement of the Motion for Relief from the Automatic Stay and the Objection to Proof of Claim of Capital One Auto Finance, a division of Capital One, N.A. Claim #4:

WHEREAS the Debtor owns a 2013 NISSAN Altima Sedan 4D S I4, V.I.N. 1N4AL3AP7DN544308 ("vehicle"); and

WHEREAS COAF has a lien on the vehicle; and

WHEREAS COAF filed a Motion for Relief from the Automatic Stay ("Motion") with respect to missed post-petition payments; and

WHEREAS the Debtor has filed an Objection to Proof of Claim of Capital One Auto Finance, a division of Capital One, N.A. Claim #4 ("Objection"); and

WHEREAS the Debtor and COAF seek to resolve the Objection to Confirmation; it is hereby stipulated and agreed that:

1. The value of the vehicle to be paid through the Plan is $9,300.00.

2. The value of the vehicle shall be paid through the Plan at 6.75% interest for sixty (60) months. The payments will total $10,983.37 and COAF shall have a total secured claim in

2a. COAF shall file and amended proof of claim that conforms with this stipulation.

that amount.

3. The balance of any claim shall be a general unsecured claim.

4. Debtor shall will file an Amended Plan within ten (10) days of the execution of this Stipulation reflecting these terms.

5. If Debtor shall fail to have a plan conforming to this Stipulation, and Debtor fail to cure said default within fifteen (15) days after notice by COAF (or its counsel) of said default, counsel for COAF may file a Certification of Default with the Court setting forth Debtor's default and COAF shall be granted relief from the automatic stay provisions of Sections 362 and 1301 of the Bankruptcy Code (11 U.S.C. § 362 and § 1301), and COAF is then also free to proceed with exercising its rights and remedies as may be allowed under State and Federal law without regard to any future conversion of this matter to a different form of bankruptcy.

6. A faxed signature shall be treated as an original signature for purposes of this Stipulation.

| | |
|---|---|
| /s/ Jason Brett Schwartz | /s/ Jeffery A. Fournier  05-07-2020 |
| Jason Brett Schwartz, Esquire | Jeffery A. Fournier, Esquire |
| Attorney for COAF | Attorney for the Debtor |
| Mester & Schwartz, P.C. | Fournier Law Offices |
| 1917 Brown Street | 2480-B Durham Road |
| Philadelphia, PA 19130 | Bristol, PA 19007 |
| 267) 909-9036 | (215) 943-1873 |
| Dated: 5/11/20 | Dated: |

/s/ LeeAne O. Huggins
_____

William C. Miller, Trustee
Chapter 13 Trustee
P.O. Box 1229
Philadelphia, PA 19105
(215) 627-1377
Dated: 5/12/2020

No Objection
Without Prejudice to Any
Trustee Rights or Remedies

SO ORDERED
BY THE COURT:

*Magdeline D. Coleman*

Magdeline D. Coleman
Chief U.S. Bankruptcy Judge